| | | |
|---|---|---|
| IN RE: E-Z SERVE CONVENIENCE STORES, INC., Debtor. | ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 02-83138<br><br>Judge Carruthers |

### LIMTED OBJECTION OF HARTRAMPF OUTDOOR LLLP TO TRUSTEE'S AMENDED SECOND REPORT OF ACCEPTANCE OF BIDS WITH RESPECT TO STORE 48

COMES NOW Hartrampf Outdoor, LLLP ("Hartrampf") and asserts this limited objection to the Amended Second Report of Acceptance of Bids dated January 15, 2003 and the Trustee's request to assume and assign the Lease for non-residential real property dated December 7, 1992, between Hartrampf and E-Z Serve Convenience Stores, Inc ("Debtor").[1] In support of its objection, Hartrampf shows this Court as follows:

1.

The Debtor commenced a petition under Chapter 11 of Title 11 of the U.S. Code in this Court on October 4, 2002.

---

[1] A copy of the Lease has already been filed with this Court as Exhibit "A" to Hartrampf's Motion to Compel Debtor to Comply with 11 U.S.C. § 365(d)(3) and for Administrative Claim filed October 18, 2002 (Docket No. 109) and its Motion for Relief from Stay filed October 18, 2002 (Docket No. 108). Because of its length it has not been attached to this pleading and filed a third time.

2.

Hartrampf is the owner of real property located at 5585 South Chestatee Street, Dahlonega, Lumpkin County, Georgia 30533 ("Leased Property") being more commonly known as Store 48.

3.

On or about December 7, 1992, Hartrampf's predecessors in interest, Carl R. Hartrampf, Sr. and Carl R. Hartrampf, and the Debtor's predecessor in interest, County Cupboard Foodstores, Inc., entered into a twenty-year Ground Lease Agreement, as amended on December 18, 2000 (the "Lease") for the Leased Property. The lessor's interest in the Lease was first assigned on June 13, 2000 to John A. Hartrampf, Jr., Trustee of the Caroline Elizabeth Hartrampf Trust # 1 and as Trustee of the Leigh Anne Chamber Hartrampf Trust # 1 and subsequently assigned to Hartrampf on April 1, 2001. The original lessee was Country Cupboard Food Stores, Inc., a substantial and experienced convenience store operator.

4.

Hartrampf asserted an objection to the Trustee's proposal to assign and sell the Lease to Hewitt Enterprises, Inc. based on paragraph 18(b) of the Lease provides that in the event that the Lessee shall elect to sell the lease during the term of the Lease, then Hartrampf was granted a right of first refusal to acquire the interest being sold. The Court sustained that objection at the hearing on January 7, 2003 and denied the Trustee's request to sell Store 48.

2

5.

The Trustee intends to proceed with selling Store 48 to Hartrampf in accordance with its bid. Nevertheless, the Trustee must still cure all defaults and compensate Hartrampf for its pecuniary loss prior to assuming and selling the Lease. The Trustee is not entitled to preferential treatment with respect to Hartrampf, particularly where enforcing the right of first refusal would entitle Hartrampf to acquire Store 48 for only $250,000.

6.

In order to sell and assign the Lease, the Trustee must first assume it in accordance with 11 U.S.C. § 365(f)(2). The Trustee must cure all defaults under the Lease and compensate Hartrampf for any actual pecuniary loss resulting from the default under the Lease. 11 U.S.C. § 365(b)(1)(A), (B).

7.

Hartrampf has suffered a pecuniary loss during the this case. The Trustee has not complied with the requirements of the Court's November 27, 2002 Order Granting Motion to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Through and Including January 31, 2002. While the Trustee paid the base rent for October, November and December, he did not "timely pay all monthly rents and such other post petition obligations as may be known to the Trustee or as to which the lessor has provided written notice." (Order, Decretal Para.) Hartrampf provided the Trustee

3

with notice of the necessary amounts to be paid in a letter dated November 26, 2002, but the Trustee did not pay these amounts, and to date has not.[2]

8.

As of January 15, 2003 the cure amount is $15,493.24, all as more particularly set forth in Exhibit "A" attached hereto. These amounts include attorneys' fees, In re Shangra-La, Incorporated, 167 F.3d 843 (4th Cir. 1999), unpaid rent, interest, In re Eagle Bus Manufacturing, Inc. et. al., 148 B.R. 481, 482 (Bankr. S.D.Tx. 1992); In re Hillsborough Holdings Corp., 126 B.R. 895 (Bankr. M.D. Fla. 1991), costs of securing the Leased Property and other charges and fees as permitted under the Lease. There can be no objection to the payment of any these amounts as GE Capital Corporation ("GE") is liable for them in accordance with the terms of the Lessor Estoppel Certificate and Consent. To not allow the entirety of the pecuniary loss will be nothing but a windfall to GE at the expense of Hartrampf.

WHEREFORE, Hartrampf Outdoor, LLLP moves this Court to approve the sale of Store 48 to it pursuant to its right of first refusal on the condition that the cure amount of $15,493.24 be paid to it on or before January 31, 2003.

---

[2] A copy of this letter was previously filed with this Court as Exhibit "A" to the Objection of Hartrampf Outdoor, LLP to Trustee's First Report of Acceptance of Bids with Respect to Store 48 filed on January 2, 2003.

4

This 15th day of January, 2003.

                                                 Thomas W. Waldrep, Jr.
                                                 N.C. Bar No. 11135

BELL, DAVIS & PITT, PA
Century Plaza
Suite 600
100 North Cherry Street
Winston-Salem, North Carolina 27101
(336) 722-3700

                                                 John A. Christy
                                               Georgia Bar No. 125518

J. Carole Thompson Hord
Georgia Bar No. 291473                        Attorneys for Hartrampf Outdoor, LLLP
SCHREEDER, WHEELER & FLINT, LLP
127 Peachtree Street, N.E.
1600 Candler Building
Atlanta, Georgia 30303
(404) 681-3450
K:\4712\1\limited Objection to confirmation-Hartrampf.doc

*Store #48, 5585 Chestatee Street, Dahlonega, GA*

| Type of Expense | Amount | Lease Provision |
|---|---|---|
| Rent (4th Quarter 2002) | $8,000 | ¶ 5 and Rental Rider |
| Late fees | $4,320 | ¶ 16 (1% per day or $80 per day 10/11 through 12/3) |
| 2002 Property taxes | $3,896.65 | ¶ 7 |
| Signs | $174.41 | ¶16 |
| Attorney's Fees | $6,508.18* | ¶ 16 |
| Rent (1st Quarter 2003) | $8,000 | ¶ 5 and rental rider |
| Late Charge (1st Quarter 2003) | $240 | ¶ 16 (1% per day or $80 per day 1/11 through 1/13) |
| Hulsey Environmental Lien | $354.00 | ¶ 14 |
| Total | $31,493.24 | |

Amounts received from Trustee:  $8,000 (12/2002)

$8,000 (1/13/2003)

Net cure amount  $15,493.24

* - attorney's fees and expenses are only through January 15, 2003.

EXHIBIT A

Case 02-83138    Doc 998    Filed 01/16/03    Page 6 of 8

CERTIFICATE OF SERVICE

I do hereby certify I have served a copy of the within and foregoing Continued Limited Objection of Hartrampf Outdoor, LLLP to Trustee's First Report of Acceptance of Bids with Respect to Store 48 via Electronic Mail and U.S. Mail with adequate postage thereon addressed as follows:

Gary T. Holtzer
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153

gary.holtzer@weil.com


Michael D. West
101 S. Edgeworth St.
Greensboro, NC 27402

Michael_West@ncmba.uscourts.gov


John A. Northen
Northen Blue, LLP
100 Europa Drive, Suite 550
Chapel Hill, NC 27515-2208

Jan@nbfirm.com

Martin T. Fletcher
Whiteford, Taylor & Preston, LLP
7 St. Paul Street, Suite 1500
Baltimore, MD 21202-1626

mfletcher@wtplaw.com


Christine L. Myatt
Adams Kleemeier Hagan Hannah & Fouts PLLC

701 Green Valley Road, Suite 100
Greensboro, North Carolina 27402

Cmyatt@AdamsKleemeier.com


This 15th day of January, 2003

                                                               */s/ John A. Christy*
                                                   JOHN A. CHRISTY

SCHREEDER, WHEELER & FLINT, LLP
1600 Candler Building
127 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 681-3450